Bat, J.
also overruled, as it had.always been held, that wherever a party intended to rely on possession for title, it was unnecessary either to prove payment of a consideration, or other colour of a title ; because it was occupancy alone that the law regarded, as a sufficient title in such cases.
The defendant then called sundry witnesses, who proved a possession on the part of himself, and his father, Jonathan Gilbert, (who conveyed to him,) from the year 1766, to that period; during all which time, his father and himself had resided on it, cleared a considerable part of it, and exercised every other kind of ownership over the whole tract, which proprietors generally exercise over their lands.
The plaintiff, in order to rebut the evidence of possession given by the defendant, offered to call witnesses to prove, that Abraham Anderson went with his deeds and shewed them to old Jonathan Gilbert, who was then living on the land, and actually shewed them to him in presence of a witness, and ordered him off the land; but that Gilbert remained on it by force, and kept it in a forcible manner from that time ; and, therefore, it was urged, that it would be unjust to suffer a man to take advantage off his own wrong.
Here again, however, Bay, J. overruled this kind of testimony, as improper. That if Anderson!'s claim was a good one, he ought to have brought his suit at law, and ejected Gilbert: for that the law recognised no other kind of claim than by an action at law. That this would appear obvious by a short view of the act of limitation, passed in 1712.
*377 1. That the first clause of the act was retrospective, and confirmed the titles of all those who had been seven years in quiet possession, before the passing the a.' t.
2. That the second clause was prospective, and allows all persons, five years after the right accrues, to prosecute their claims to lands ; and bars them for ever afterwards, if they do not, except infants, and Jeme covert&e.)
3. The third clause prescribes expressly, that this claim shall be bij action at knv, and not otherwise.
The jury found a verdict for the defendant.
Shaw then gave notice of a motion for a new trial, but he never brought it forward.